JEFFREY E. SIGMON,                              )
                                               )
      *Petitioner*,                         )     Case No. 2:26-cv-60
                                               )
v.                                             )     Judge Atchley
                                               )     Magistrate Judge Wyrick
JEFFREY CASSIDY,                               )
                                               )
      *Respondent*.                        )

## MEMORANDUM AND ORDER

Jeffrey Sigmon, a prisoner in the custody of the Tennessee Department of Correction currently housed in the Sullivan County Jail, filed a motion for leave to proceed *in forma pauperis* [Doc. 4] and a petition for federal habeas relief [Doc. 1]. For the reasons set forth below, the Court **GRANTS** Petitioner's motion [Doc. 4] and **ORDERS** Petitioner to show cause why this action should not be dismissed.

## I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because it is apparent that Petitioner cannot pay the filing fee in this action, his motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**.

## II.    FEDERAL HABEAS PETITION

Petitioner seeks federal habeas relief based on his claims that he was (1) jailed after his sentence and probation had both expired; (2) "not present at due process signing through any and all court he[a]rings in [his] own defen[s]e without knowledge." [Doc. 1 at 1]. Attached to his petition are documents from the Criminal Court for Sullivan County, Tennessee, which demonstrate that Petitioner was convicted of theft in 2014, was sentenced to five years imprisonment, was granted probation, and that his probation was ordered to expire "consecutive

to Virginia Case." [*Id.* at 2–5]. Two affidavits for violation of probation are included in these documents, including one signed on January 31, 2025. [*Id.* at 5, 7]. Petitioner pleaded guilty to a probation violation on November 17, 2025, in the Criminal Court for Sullivan County. *See* https://sullivan.tncrtinfo.com/crCaseForm.aspx (Case Reference S62276) (last visited Mar. 27, 2026).[1] It is this conviction, ostensibly, that forms the basis for the instant petition.[2]

Under Rule 4 of the § 2254 Rules, this Court must initially screen a federal habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition."). And before a federal court may grant habeas corpus relief to a state prisoner, the prisoner must have exhausted the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A district court can and must raise the exhaustion issue *sua sponte* when it clearly

---

[1] The Court may take judicial notice of information provided by a public authority. *See Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)); *see also* Fed. R. Evid. 201 (explaining that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[2] The Court leaves room for doubt, because Petitioner's handwritten federal habeas petition omits information required by the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") and this Court's Local Rules. Rule 2 of the § 2254 Rules requires, among other things, a federal habeas petition to "substantially follow" the "form appended to these rules[.]" Rule 2, § 2254 Rules. That form, AO 241, requires a petitioner to orderly state every claim for relief without argument or citations to law. *See* United States Courts, *Forms*, https://www.uscourts.gov/forms-rules/forms (last visited Oct. 30, 2025). And this Court's Local Rules require all pro se petitions under § 2254 to "be filed on a set of standardized forms to be supplied, upon request, by the Clerk without cost to the petitioner." *See* E.D. Tenn. L.R. 9.3.

appears that a petitioner has not presented a habeas corpus claim to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Shah v. Quintana,* No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (providing "[d]istrict courts have a duty to screen out [habeas petitions] which should be dismissed[,]" including "for lack of exhaustion" of state-court remedies (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (internal quotation marks omitted)). A petitioner bears the burden of showing exhaustion of state-court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

The exhaustion doctrine requires a petitioner to "fairly present" a federal claim to the state courts to allow the state courts a "fair opportunity" to apply controlling legal principles to the facts bearing upon that claim. *O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275–77 (1971). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas corpus relief. *Id.* at 845. Tennessee has determined that presentation of a claim to the Tennessee Court of Criminal Appeals will satisfy the requirement of presentation to the state's highest court. Tenn. S. Ct. R. 39; *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003).

Tennessee petitioners may generally proceed through one full round of the post-conviction process, and Tennessee imposes a one-year statute of limitation on such actions. Tenn. Code Ann. § 40-30-102(a) (one-year limitation period), § 40-30-102(c) ("one petition" rule). And, seemingly, a post-conviction action offers Petitioner an available state-court avenue for redress of his claims. But neither the record in this case nor a review of the Sullivan County Online Court Records indicates that Petitioner has commenced post-conviction proceedings in state court. *See* https://sullivan.tncrtinfo.com/cmCaseList.aspx (last visited Mar. 27, 2026). Therefore, the Court

3

will provide Petitioner fourteen (14) days to show cause why this action should not be dismissed for want of exhaustion.

## III.    CONCLUSION

As it appears that Petitioner is seeking federal habeas relief prior to exhausting his available state-court remedies, he is **ORDERED** to either (1) show cause why the petition should not be dismissed for want of exhaustion or (2) voluntarily dismiss this action to pursue state-court relief. Petitioner **must** respond to this Order **within fourteen (14) days**. Failure to do so will result in the dismissal of this action without further notice.

Finally, the Clerk is **DIRECTED** to forward Petitioner a § 2254 form, which Petitioner is **ORDERED** to complete and return to the Court **only if** he elects to attempt to show cause why this action should not be dismissed for failure to exhaust his state-court remedies.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

4