# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

JEFFREY SIGMON,                           )
                                          )
          *Petitioner*,                   )          Case No.    2:26-cv-60
                                          )
v.                                        )          Judge Atchley
                                          )          Magistrate Judge Wyrick
JEFFREY CASSIDY,                          )
                                          )
          *Respondent*.                   )

## MEMORANDUM AND ORDER

Petitioner Jeffrey Sigmon filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his confinement under a revocation of his probation. [*See* Docs. 1, 7]. Before the Court is Respondent's Motion to Dismiss [Doc. 14] the petition as time barred and procedurally defaulted. Petitioner has responded in opposition to the motion. [Doc. 17]. For the reasons set forth below, Respondent's Motion [Doc. 14] will be **GRANTED** and this action will be **DISMISSED**.

## I.      RELEVANT FACTUAL AND PROCEDURAL HISTORY

On May 15, 2014, Petitioner was sentenced to a suspended five-year sentence in the custody of the Tennessee Department of Correction ("TDOC") and placed on probation. [Doc. 1 p. 6]. On February 27, 2015, a warrant issued for Petitioner's arrest for a probation violation. [*Id.* at 7]. Petitioner was later accused of violating the terms of his probation again, which resulted in a revocation entered on June 25, 2019, that noted Petitioner's probation supervision would expire on August 7, 2020. [*Id.* at 2]. That order was amended on August 12, 2020, with a notation that Petitioner's probation supervision expiration date was "TO BE DETERMINED (consecutive to Virginia case)." [*Id.* at 3].

On January 31, 2025, the TDOC Field Services Division swore an affidavit alleging that Petitioner violated multiple rules of his supervision. [*Id.* at 5]. A warrant for Petitioner's arrest was

signed the same day. [*Id.*]. On November 17, 2025, Petitioner's probation status was revoked, and he was ordered to serve the entirety of his originally suspended sentence. [Doc. 15-1]. Petitioner did not seek appellate review of this revocation order. [Doc. 7 p. 2].

On or about February 26, 2026, Petitioner filed the instant petition [Doc. 1], challenging his confinement under the revocation of his probation. Petitioner filed an amended pro se petition on April 13, 2026. [Doc. 7]. After this Court entered an Order [Doc. 9], requiring Respondent to respond to the petition, Respondent complied by filing the instant Motion [Doc. 14] and supporting memorandum [Doc. 15]. Respondent argues the petition is untimely and procedurally defaulted. As explained below, the Court agrees with Respondent that the petition is procedurally defaulted and resolves the Motion [Doc. 14] on that basis.[1]

## II.    ANALYSIS

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires the petitioner to "fairly present" each federal claim to all levels of the state appellate system by presenting the "same claim under the same theory" up to the state's highest court, *Wagner v. Smith*, 581 F.3d 410, 414, 418 (6th Cir. 2009), to ensure that states have a "full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). In Tennessee, presentation of a claim to the Tennessee Court of Criminal Appeals ("TCCA") will satisfy the exhaustion requirement. *See* Tenn. S. Ct. R. 39; *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003).

But if a prisoner never presented a claim to the TCCA and a state procedural rule now bars presentation of the claim, that claim is technically exhausted but procedurally defaulted. *Gray v.*

---

[1] Because the Court resolves Respondent's motion on the basis of procedural default, it declines to determine whether the petition is untimely.

2

*Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731–32, 750 (1991); *Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains available, the issue is procedurally defaulted"). To obtain federal habeas review of a procedurally defaulted claim, a petitioner must (1) show cause to excuse his failure to comply with the procedural rule and resulting actual prejudice, *see, e.g., Coleman*, 501 U.S. at 750, or (2) demonstrate that failure to consider the claim would result in a fundamental miscarriage of justice because he is factually innocent of the crime of conviction, *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner's most recent revocation order was entered on November 17, 2025. Under Tennessee law, Petitioner had thirty days in which to appeal that judgment. Tenn. R. App. P. 4(a). Petitioner did not do so, and thus, his claims are procedurally defaulted. *See Lankford v. Holt*, No. 3:14-CV-2320, 2015 WL 1311626, at *9 (M.D. Tenn. Mar. 24, 2015) ("[T]he appropriate vehicle for challenging the revocation of probation would have been to file a direct appeal of that order, *see* Tenn. R. App. P. 4(b), within thirty days after the order was entered, Tenn. R. App. P. 4(a), which the petitioner failed to do. The Court therefore finds that any claims related to the revocation of probation are procedurally defaulted and barred from review by this Court.").

Therefore, to obtain habeas review, Petitioner must meet one of the above-mentioned exceptions. But Petitioner has not demonstrated factual innocence to implicate the fundamental miscarriage of justice exception. As for the "cause and prejudice" exception, the Court notes that Petitioner states he did not appeal because his lawyer "never came to see [him] or speak to [him] on this matter." [Doc. 7 p. 5]. But Petitioner offers no explanation of when or how he communicated that desire to counsel, or what prevented him from appealing himself within the time frame to do so. Accordingly, Petitioner has failed to show cause that would excuse his

3

procedural default, and his claims are barred from federal habeas review. *See Smith v. Murray*, 477 U.S. 527, 533–34 (1986) (providing that where petitioner fails to meet the cause prong, a reviewing court need not determine whether there has been actual prejudice). Respondent is entitled to prevail on his motion.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied, because reasonable jurists would not debate that the petition is subject to dismissal due to Petitioner's procedural default.

## IV.    CONCLUSION

For the reasons set forth above, Respondent's Motion [Doc. 14] is **GRANTED**, and this federal habeas petition is **DISMISSED**. A certificate of appealability will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

4